[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11585
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20116-DPG-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVE BLAISE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 17, 2018)

Before TJOFLAT, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Steve Blaise pled guilty to one count of conspiring to possess cocaine with

intent to distribute and one count of aggravated identity theft.  In his plea

agreement, Blaise waived the right to appeal his sentence, unless one of three

exceptions is met.  None of those exceptions apply here, and the Government moved to dismiss the appeal based on the sentence appeal waiver.

We will enforce the sentence appeal waiver so long as Blaise's waiver was knowing and voluntary.  *See United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993).  To prevail, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* at 1351.

At the plea colloquy, the District Court confirmed that Blaise was not under the influence of drugs, alcohol, or medication.  It also confirmed Blaise does not suffer from any mental illness.  The District Court asked whether Blaise entered into the plea agreement voluntarily and whether he had discussed it with his attorney.  Blaise answered yes to both.  Finally, the District Court explicitly discussed the sentence-appeal-waiver provision.  Blaise said that he understood the provision and knowingly and voluntarily waived his right to appeal.  As such, the Government has shown that Blaise knowingly and voluntarily waived his right to appeal his sentence.

The Government's motion to dismiss this appeal pursuant to the appeal waiver in Blaise's plea agreement is GRANTED.

2

**MOTION TO DISMISS GRANTED.**